Case 2:18-cv-00209   Document 36   Filed on 09/24/19 in TXSD   Page 1 of 8

United States District Court
Southern District of Texas
**ENTERED**
September 24, 2019
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| WILLIAM DARRELL EDWARDS, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:18-CV-209 |
| | § | |
| LORIE DAVIS, *et al*, | § | |
| | § | |
| Defendants. | § | |

# AMENDED[1] MEMORANDUM AND RECOMMENDATION TO DENY DIRECTOR DAVIS'S MOTION FOR JUDGMENT ON THE PLEADINGS

Plaintiff William Darrell Edwards is an inmate appearing *pro se* and *in forma pauperis*. In this prisoner civil rights action filed pursuant to 42 U.S.C. § 1983, Plaintiff claims that his due process and equal protection rights were violated when his custody classification level was lowered to a more restrictive level. Pending before the Court is a Motion for Judgment on the Pleadings filed by Defendant Lorie Davis. (D.E. 12). For the reasons stated herein, it is respectfully recommended that the Court **DENY** this motion.

## I.     JURISDICTION

The Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331. This case has been referred to the undersigned magistrate judge for case management and making recommendations on dispositive motions pursuant to 28 U.S.C. § 636.

---

[1] This amended M&R corrects a typographical error in the original document (D.E. 35). The change is not substantive.

## II.  BACKGROUND

Plaintiff is a prisoner at the McConnell Unit of the TDCJ. He is currently serving several life sentences on four convictions for aggravated sexual assault of a child and two twenty-year sentences on convictions for indecency with a child by sexual contact. These convictions were entered on December 19, 2001, in Potter County, Texas.

Plaintiff sues the following defendants: (1) TDCJ Director Lorie Davis; and (2) Joni White, the TDCJ Assistant Director-Classifications and Records. Plaintiff claims that his due process and equal protection rights were violated when the TDCJ applied a new policy to reclassify Plaintiff from his G2 custody classification level to the more restrictive G3 classification level.  Plaintiff seeks declaratory and injunctive relief.

An evidentiary hearing was held on August 8, 2018. On August 21, 2018, the undersigned issued a Memorandum and Recommendation (August 21, 2018 M&R), recommending that the Court retain Plaintiff's equal protection claim against TDCJ Director Davis in her official capacity for injunctive and declaratory relief.  (D.E. 8, pp. 7-9).  The undersigned determined that TDCJ Director Davis, as opposed to Defendant White was more likely to have the authority to grant the injunctive relief requested by Plaintiff.  (D.E. 8, p. 8). The undersigned further recommended that the Court dismiss all remaining claims and Defendant White for failure to state a claim and/or as frivolous. (D.E. 8, p. 9).  The undersigned ordered service of Plaintiff's complaint on Director Davis. (D.E. 10).

On October 5, 2018, Director Davis filed a Motion to Dismiss. (D.E. 12).  On March 14, 2019, the undersigned issued a Memorandum and Recommendation (March 14, 2019 M&R). recommending that Director Davis's Motion to Dismiss be denied.   (D.E. 19).   The

undersigned first determined in the March 14, 2019 M&R that Plaintiff's request for prospective injunctive relief against Director Davis should not be barred by the Eleventh Amendment because Plaintiff has stated a plausible equal protection claim against Director Davis and, "therefore, should have the opportunity to engage in discovery and prove both his claim and entitlement to the prospective injunctive relief requested." (D.E. 19, p. 7). The undersigned later explained that Plaintiff had alleged sufficient facts to make a "class of one" equal protection claim. (D.E. 19, p. 9). Thus, the undersigned concluded that dismissal of Plaintiff's claim was not appropriate under Federal Rule of Civil Procedure 12(b)(6). (D.E. 19).

Senior District Judge Hilda G. Tagle subsequently adopted both the August 21, 2018 M&R and the March 14, 2019 M&R. (D.E. 26). On April 12, 2019, Director Davis filed her answer, asserting the defense of qualified immunity. (D.E. 21). In a scheduling order, the undersigned directed that: (1) discovery in this case is due to expire on September 13, 2019; and (2) dispositive motions are due to be filed on or before the same date. (D.E. 22).

On June 10, 2019, Director Davis filed a Motion for Judgment on the Pleadings pursuant to Federal Rule of Civil Procedure 12(c). (D.E. 28). Director Davis subsequently submitted a supplement to her Rule 12(c) motion. (D.E. 31). On July 11, 2019, Plaintiff filed his response. (D.E. 32).

### III. PLAINTIFF'S ALLEGATIONS

The following representations relevant to Plaintiff's equal protection claim against Director Davis were made either in Plaintiff's original complaint (D.E. 1) or at the evidentiary hearing: In January 2002, Plaintiff entered into the TDCJ prison system and was subsequently classified at the G3 custody level in late March 2002.

Under the G3 custody level, inmates are only allowed to have certain jobs such as working in the kitchen. In contrast, inmates with a G2 custody level have more favorable options with regard to jobs assignments within the prison. G2 prisoners also have the ability to learn a trade. With regard to housing, G3 inmates are assigned to the main building in a two-man cell where the cell door is locked during the day. Inmates classified at the G2 custody level live in dormitories where the door is not locked, and inmates can come and go.

In 2010, Plaintiff was classified at the G2 custody level and was subsequently moved into the prison dorms. As a G2 inmate, Plaintiff was assigned to work in the garment factory. On September 13, 2016, the Unit Classification Committee (UCC) applied a new policy, effective September 1, 2016, to reclassify Plaintiff back to the more restrictive G3 custody level. The new policy applied to any inmate who has stacked sentences where the total amount of time needed to become parole eligible on the stacked sentences exceeds 60 years. The UCC explained to Plaintiff that he was reclassified due to having received consecutive life sentences and twenty-year sentences out of Potter County.

Plaintiff testified that other inmates with multiple consecutive life sentences have remained classified at the G2 custody level. Plaintiff specifically cited one inmate with multiple consecutive life sentences who still lives in the dorms. Plaintiff has filed both

informal and formal grievances challenging his reclassification to the G3 custody level. Plaintiff attached as set of Step 1 and Step 2 grievances to his complaint, in which he identified other inmates with similar consecutive sentences as receiving more favorable treatment in being returned to G2 status, remaining in the dorms, and getting their former jobs back. (D.E. 1, pp. 7, 9). Nevertheless, all of Plaintiff's grievances were rejected based on the new UCC policy as applied to him. (D.E. 1, pp. 8, 10).

In addition to declaratory relief, Plaintiff seeks injunctive relief in the form of being returned to the G2 custody classification level, his original housing in the dorms, and his job in the garment factory. (D.E. 1, pp. 4-5). Plaintiff sues Director Davis because she is in charge of the TDCJ and approved of the 2016 policy change that led to Plaintiff's reclassification.

### IV. LEGAL STANDARD

Section 1983 provides a vehicle for redressing the violation of federal law by those acting under color of state law. *Nelson v. Campbell*, 541 U.S. 637, 643 (2004). To prevail on a § 1983 claim, the plaintiff must prove that a person acting under the color of state law deprived him of a right secured by the Constitution or laws of the United States. 42 U.S.C. § 1983; *West v. Atkins,* 487 U.S. 42, 48 (1988).

Motions for judgment on the pleadings brought pursuant to Fed. R. Civ. P. 12(c) are evaluated under the same standard as a motion to dismiss under Fed. R. Civ. P. 12(b)(6) for failure to state a claim. *Gentilello v. Rege*, 627 F.3d 540, 543-44 (5th Cir. 2010). Rule 12(b)(6) provides for dismissal of an action for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its *face*.'

" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) ).

A claim is said to be plausible if the complaint contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. When considering a motion to dismiss, district courts are "limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).

## V. DISCUSSION

In her Rule 12(c) motion, Director Davis contends that she is entitled to qualified immunity because: (1) she neither personally participated in the conduct alleged by Plaintiff nor implemented the policy that led to Plaintiff's reclassification; and (2) Plaintiff's allegations fail to establish a "class of one" constitutional violation. (D.E. 28, pp. 3-14). Director Davis further contends that she is entitled to Eleventh Amendment immunity with respect to Plaintiff's equal protection claim against her. (D.E. 28, pp. 14-15).

Plaintiff responds that he should be entitled to pursue his claims for prospective injunctive relief. (D.E. 32, p. 4, 14). He further argues that he has sued the proper official and that his allegations state a "class of one" equal protection claim. (D.E. 5-14).

Director Davis's Rule 12(c) should be denied for the following reasons. In both the August 21, 2018 M&R and March 14, M&R, the undersigned effectively evaluated Plaintiff's allegations and claims under the Rule 12(b)(6) standard and rejected in substance each of the

contentions Director Davis now raises in her Rule 12(c) motion. (D.E. 8, 19). The District Court subsequently adopted both M&Rs. (D.E. 26).

Furthermore, in a separate order entered contemporaneously with this Memorandum and Recommendation, the undersigned denied in part Director Davis's motion for a protective order in order to allow Plaintiff an opportunity to conduct discovery only as to matters related to qualified immunity. The undersigned also has entered an amended scheduling order so that Plaintiff can pursue discovery on this matter. Given that Plaintiff has been given an opportunity to conduct limited discovery as to his equal protection claim, it is respectfully recommended that Director Davis's 12(c) Motion for Judgment on the Pleadings should be denied at this time.

## VI.  RECOMMENDATION

For the foregoing reasons, it is respectfully recommended that Director Davis's Rule 12(c) Motion for Judgment on the Pleadings (D.E. 28) be **DENIED**. In a separate order, the undersigned has set forth an amended scheduling order as to when discovery expires and when dispositive motions are due.

ORDERED this 24th day of September 2019.

_____
Jason B. Libby
United States Magistrate Judge

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto Ass'n,* 79 F.3d 1415 (5th Cir. 1996) (en banc).